In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00156-CV**

_____

**IN RE COMMITMENT OF RANDY LEE CARR**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-08-09025-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit appellant Randy Lee Carr as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Carr is a sexually violent predator, and the trial court signed a final judgment and an order of civil commitment. In four appellate issues, Carr challenges the legal and factual sufficiency of the evidence supporting the finding that he has a behavioral abnormality, the trial court's admission of certain expert testimony, and the constitutionality of Chapter 841 of the Texas Health and Safety Code. We affirm the trial court's judgment and order of civil commitment.

1

ISSUES ONE AND TWO

In issue one, Carr challenges the legal sufficiency of the evidence that he suffers from a behavioral abnormality. In issue two, Carr challenges the factual sufficiency of the evidence that he suffers from a behavioral abnormality. We address issues one and two together.

When reviewing the legal sufficiency of the evidence, we assess all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for a commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887. Under a factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

Under the SVP statute, a person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Tex. Health &

Safety Code Ann. § 841.003(a) (West Supp. 2014). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2).

During the trial, the jury heard Carr's admissions that he has a conviction for indecency with a child and multiple convictions for sexual contact with a child. The jury also heard Carr's admissions that he had engaged in sexual contact with three prepubescent children and that he was sexually attracted to prepubescent children. In addition, the jury heard testimony from forensic psychiatrist Dr. Lisa Clayton that Carr has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence. Clayton explained that Carr suffers from pedophilia and antisocial personality disorder, has had both male and female victims, minimizes his offenses, reoffended after being incarcerated, and Carr admitted during his interview with Clayton that he still has deviant sexual fantasies. Clayton also testified that Carr completed a nine-month sex offender treatment program, but she opined that Carr needs more intensive treatment and is at high risk to reoffend.

Carr testified at trial. When asked why he offended against one of his victims, Carr testified, "I had stuff wrong with my thinking. I had things wrong with me, and I know now that I didn't know how to deal with them." Carr testified that he completed a nine-month sex offender treatment program and that he had never received treatment prior to that program. Carr denied currently being attracted to prepubescent children and stated that he currently has no sexual urges. Carr explained that he no longer considers himself to be a sex offender. Aveliah Funderburk, the licensed professional counselor who worked with Carr in the sex offender treatment program at TDCJ, testified that Carr successfully completed the program and "also was able to demonstrate, not just the knowledge, . . . but demonstrate his ability to use what he had learned." Funderburk opined that Carr has learned to have empathy for his victims, has insight into his offenses, and has not minimized his offenses. Funderburk testified that Carr has "the tools and the ability" to control his sexual urges.

As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Carr suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Lowe*, No. 09-14-00098-CV, 2014 WL 4363624, at *2 (Tex. App.—Beaumont Sept. 4, 2014, no pet.) (mem. op.); *see also Mullens*, 92 S.W.3d at 887. Viewing

4

the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Carr has a behavioral abnormality; therefore, the evidence is legally sufficient. *See* Tex. Health & Safety Code Ann. §§ 841.002(2), 841.003(a); *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002); *Mullens*, 92 S.W.3d at 885. In addition, weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issues one and two.

## ISSUE THREE

In his third issue, Carr argues that the trial court erred by permitting Clayton to testify that Dr. Christine Reed, a non-testifying psychologist, had determined that Carr has pedophilia and suffers from a behavioral abnormality. Carr argues that because Clayton did not rely upon Reed's written report, but instead simply reviewed it, the report "could not have been properly admitted as 'basis' evidence and . . . could only have been admitted for its truth to show that another psychologist also said that Mr. Carr has a behavioral abnormality." Carr contends evidence concerning Reed's report "should have been excluded as inadmissible hearsay[,]" and that its admission probably caused the rendition of an improper judgment.

At trial, Clayton responded affirmatively when asked whether Reed wrote a report that Clayton reviewed as a part of Carr's case, and she also testified that all of the records she reviewed are the type of records relied upon by other experts in her field. Carr's counsel objected to Clayton's testimony about Reed's report and requested a limiting instruction, which the trial court gave and to which defense counsel did not object. Carr's counsel also objected that the evidence was "unduly prejudicial" and "offered to prove the truth of the matter asserted." The trial court overruled Carr's objections. Clayton then testified that Reed determined that Carr suffers from a behavioral abnormality. Clayton also testified regarding the actuarial instruments Reed had scored pertaining to Carr.

Rule 705 of the Texas Rules of Evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which the expert bases an opinion. Tex. R. Evid. 705(a); *In re Commitment of McCarty*, No. 09-12-00083-CV, 2013 WL 3354556, at *3 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.). If an expert relies upon hearsay in forming her opinion, and that hearsay evidence is of a type reasonably relied upon by such experts, such evidence is admissible. *McCarty*, 2013 WL 3354556, at *3. Hearsay evidence that might otherwise be permissible under Rule 705(a) may be excluded if the danger that it will be used for a purpose

other than explaining or supporting the expert's opinion outweighs its probative value or if it is unfairly prejudicial. *Id.* (citing Tex. R. Evid. 705(d) and *In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 WL 2616921, at \*9 (Tex. App.—Beaumont Aug. 27, 2009, no pet.) (mem. op.)). We conclude that the evidence was properly admitted under Rule 705(a) and was not unfairly prejudicial. Therefore, the trial court did not err by permitting Clayton to testify regarding Reed's report. *See McCarty*, 2013 WL 3354556, at \*3; *see also* Tex. R. Evid. 705(a). We therefore overrule issue three.

## ISSUE FOUR

In his fourth issue, Carr contends that this Court's decision in *In re Commitment of Richard*[1] renders Chapter 841 unconstitutional. We have previously addressed and rejected this argument. *See In re Commitment of Lucero*, No. 09-14-00157-CV, 2015 WL 474604, at \*\*9-10 (Tex. App.—Beaumont Feb. 5, 2015, no pet. h.) (mem. op.). For the same reasons outlined in *Lucero*, we reject Carr's constitutional arguments. *See id.* Accordingly, we overrule issue four and affirm the trial court's judgment and order of civil commitment.

---

[1]*In re Commitment of Richard*, No. 09-13-00539-CV, 2014 WL 2931852 (Tex. App.—Beaumont June 26, 2014, pet. denied) *petition for cert. filed*, \_\_\_ U.S.L.W. \_\_\_ (U.S. Feb. 10, 2015) (mem. op.).

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 20, 2015
Opinion Delivered April 9, 2015

Before McKeithen, C.J., Kreger, and Johnson, JJ.